IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICARDO WILSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:18-CV-5014-AT |
| ROBERT "R. KELLY" KELLY, : | |
| UNIVERSAL MUSIC, JIVE : | |
| RECORDS, : | |
| : | |
| Defendants. : | |

**ORDER**

**I.   INTRODUCTION**

*Pro se* Plaintiff Ricardo Wilson ("Plaintiff") filed the instant action against Robert Kelly ("Kelly"), Universal Music ("Universal") and Jive Records ("Jive") (collectively, the "Defendants") ostensibly seeking monetary damages associated with Defendants' alleged copyright infringement concerning the musical work entitled *Love Letter*. *See generally* Complaint ("Compl.") [Doc. 3]. The Magistrate Judge has granted Plaintiff's request to proceed *in forma pauperis*. Therefore, this matter is before the Court on a review pursuant to 28 U.S.C. § 1915(e)(2).

**II.    FACTUAL ALLEGATIONS IN THE COMPLAINT**

Plaintiff asserts that he is a "R&B songwriter, music producer, and rap artist" who, in 2008 "composed [the song] 'LOVE LETTER'" which he characterizes as an "R&B song." Compl. 2-3.[1] At some point after composing this song, Plaintiff alleges that he provided Kelly[2] with "permission to record the song." *Id*. at 2. According to Plaintiff, the song *Love Letter* was subsequently "recorded and sold in the music entertainment market" and, in fact, "was twice nominated for an American Grammy Award." *Id*. Notwithstanding such widespread recognition and acclaim, Plaintiff asserts that Kelly, although having purportedly recorded and performed the song and reaping the benefits of such recording and performance, "did not give Wilson any writing credits or compensation for his contributions to the song." *Id*. Moreover, Plaintiff maintains that the recordings of the song *Love Letter* "were put out by Universal Music and Jive Records." *Id*. at 3. While Plaintiff concedes that "Kelly changed a lot of the words" he nevertheless "kept the [song's] cadence and title," which Plaintiff alleges he created. *Id*. at 4 (stating that he "created the song's title, concept, cadence, and some of the words"). In support of Plaintiff's ownership claim, he has attached what appears to be a Certificate of Registration (the "Certificate) from the Register of Copyrights dated January 2, 2014 for a musical work entitled *Love Letter*. Compl. at 5 (Certificate). Notably,

---

[1]    Since the Complaint contains neither numbered pagination nor paragraphs, the Court references the page numbers appearing on the electronic docket.

[2]    Plaintiff asserts that "Robert Kelly is a multi-platinum, Grammy Award winning recording artist." Compl. at 3.

the Certificate specifies that Plaintiff's submission contained "lyrics only."  *Id*. Based upon these factual allegations and liberally interpreting Plaintiff's Complaint, the Court surmises that Plaintiff seeks monetary compensation based upon the alleged recording and performance of the musical work by Kelly, Universal and Jive.

**II.   STANDARD OF REVIEW**

Title 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action if it (1) is frivolous or malicious, or (2) fails to state a claim upon which relief may be granted.  The purpose of Section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  A dismissal pursuant to Section 1915(e)(2) may be made *sua sponte* by the Court prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints.  *Id.* at 324.

A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Id*. at 325.  In other words, a complaint is frivolous when it "has little or no chance of success" — for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or  "seeks to enforce a right that clearly does not exist."  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted); *see also*

*Neitzke v. Williams*, 490 U.S. at 327. In the context of a frivolity determination, the Court's authority to "'pierce the veil of the complaint's factual allegations' means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. at 325).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 680-685 (2009); *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal"). While the Federal Rules do not require specific facts to be pled for every element of a claim or that claims be pled with precision, "it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007). A plaintiff is required to present "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation" and "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court recognizes that Plaintiff is appearing *pro se*. Thus, his Complaint is more leniently construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998), *cert. denied*, 493 U.S. 863 (1989). Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

### III.  DISCUSSION

**1. Applicable Law**

The Copyright Act (the "Act"), 17 U.S.C. Sections 101 *et seq.* provides copyright protection to "original works of authorship fixed[3] in any tangible

---

[3] "A work is 'fixed' in a tangible medium of expression when its embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration. A work consisting of sounds, images, or both, that are being transmitted, is 'fixed' for purposes of this title if a fixation of the work is being made simultaneously with its transmission. 17 U.S.C. § 101

medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 102. As is relevant to the instant case, such protection extends to "musical works, including any accompanying words." *Id*. In general, ownership in a copyright "vests initially in the author or authors of the work. The authors of a joint work are co[-]owners of copyright in the work." 17 U.S.C. § 201(a). In addition, "[t]he ownership of a copyright may be transferred in whole or in part by any means of conveyance or by operation of law, and may be bequeathed by will or pass as personal property by the applicable laws of intestate succession." *Id*. § 201(d)(1).

In addition to defining those works eligible for copyright protection and the bundle of rights which vests in the holder of a copyright, *see generally id*. §§ 106-122, the Act provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 or of the author as provided in section 106A(a), or who imports copies or phonorecords into the United States in violation of section 602, is an infringer of the copyright or right of the author, as the case may be." *Id*. § 501(a). Moreover, in the event of such infringement, "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411,[4] to institute an

---

[4] 17 U.S.C. Section 411(a) provides that, in general, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action

action for any infringement of that particular right committed while he or she is the owner of it." *Id.* § 501(b).

In order to plead and prove a claim of copyright infringement "two elements must be [established]: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 1296, 113 L. Ed. 2d 358 (1991); *see Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1232 (11th Cir. 2010). "To 'satisfy *Feist*'s first prong, a plaintiff must prove that the work . . . is original and that the plaintiff complied with applicable statutory formalities.'" *see Latimer*, 601 F.3d at 1233 (quoting *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996)). Likewise, in order to satisfy *Feist's* second prong, "a plaintiff must establish, as a factual matter, that the alleged infringer actually copied plaintiff's copyrighted material." *Latimer*, 601 F.3d at 1233. In this regard, it is not enough that plaintiff illustrate "[f]actual proof of copying," rather, "[t]he plaintiff must also respond to any proof advanced by the defendant that the portion of the work actually taken does not satisfy the constitutional requirement of originality as set forth in Article I, § 8, cl. 8." *Id.* Thus, in the event a plaintiff survives an "originality" challenge he or she "must also prove that the copying of copyrighted

---

for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights." 17 U.S.C. § 411(a). Although a precondition to filing suit, it is worth noting that "§ 411(a) does not restrict a federal court's subject-matter jurisdiction." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 170, 130 S. Ct. 1237, 1249, 176 L. Ed. 2d 18 (2010).

material was so extensive that it rendered the offending and copyrighted works substantially similar." *Id*.

### 2. Analysis

Having reviewed the Complaint and liberally construing Plaintiff's allegations in light of his status as a *pro se* litigant, the Court finds that the facts as set forth therein state a claim for copyright infringement as to Kelly but are otherwise insufficient to state claims as against Universal and Jive.

Initially, it appears Plaintiff has satisfied the statutory precondition to filing suit as set forth in 17 U.S.C. Section 411(a) since he has come forward with documentary evidence of his copyright registration. *See* Compl. at 5 (Certificate of Registration identifying "Year of Completion" as "2009" and "Effective date of registration" as "January 2, 2014"); *see also Latimer*, 601 F.3d at 1233 ("In a judicial proceeding, 'certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.'") (quoting 17 U.S.C. § 410(c)).

Turning next to the elements of a copyright infringement claim, Plaintiff alleges that *Love Letter* constitutes an original musical work for which he "created the song's title, concept, cadence, and some of the lyrics" and for which he has a valid copyright registration. *See generally* Compl. In addition, Plaintiff pleads facts illustrating that, in Plaintiff's view, Kelly has copied "constituent elements of the work that are original." *Feist Publications, Inc.*, 499 U.S. at 361, 111 S. Ct. at

1296, 113 L. Ed. 2d 358.  Indeed, the Complaint asserts that although "Kelly changed a lot of the words" he "kept the cadence and title" and proceeded to record and perform *Love Letter* for the commercial music market.  *See* Compl. at 2-3.  While Plaintiff admits that he gave "permission to [Kelly to] record the song" he was allegedly never provided "any writing credits or compensation for his contributions to the song." *Id.* at 2.  Therefore, in light of Plaintiff's claims as to Kelly, which the Court finds sufficiently allege (1) copyright ownership and (2) copying of elements of the work which are original, Plaintiff's claim is not frivolous since it states a claim upon which relief may be granted.[5]

Notwithstanding the above finding, the Court is not convinced that the Complaint, as drafted, sufficiently states a claim as against Universal and Jive.  Indeed, these two entities are referenced in one sentence in Plaintiff's Complaint.  *See* Compl. at 3 (stating that "[t]he recordings were put out by Universal Music and Jive Records.").  Significantly, it is entirely unclear as to the specific roles Universal and Jive may have played in the alleged infringement since Plaintiff avers only that these entities allegedly released the recordings of the song *Love Letter*.  However,

---

[5] The Court, while finding the Complaint sufficient at this stage, nevertheless observes that Plaintiff's Certificate was only issued as to the lyrics of the song *Love Letter*.  *See* Compl. at 5 (Certificate).  Thus, it is at best unclear at this stage if Plaintiff has any copyright ownership concerning the musical cadence of the song which Plaintiff asserts was copied in large part by Kelly.  If Plaintiff cannot plausibly allege (and ultimately prove) an ownership interest as to the musical aspect of this work as opposed to the lyrics themselves, the Court is skeptical that the Complaint would survive a motion to dismiss at least as to this portion of Plaintiff's claim.  Moreover, it is unclear how much of the lyrics were changed by Kelly versus the overall percentage of those lyrics that were retained and hence, this also appears to be a significant stumbling block for Plaintiff in the event this lawsuit continues based upon the second element in *Feist*.  However, these are questions best left for another day.

9

Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint provide notice of the claim and the grounds upon which the claim rests, is not satisfied where, as here, important facts, which include information concerning Universal's and Jive's actual involvement are lacking.  Indeed, based upon the Complaint, the Court cannot discern how Universal and Jive are responsible when it appears Kelly was the direct infringer.  Thus, without such salient facts, the Complaint would not survive a motion to dismiss as to Universal and Jive and these entities are therefore **DISMISSED**, **WITHOUT PREJUDICE** from this lawsuit.

### IV.     CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's Complaint may move forward as to Defendant Kelly only.  As such, the copyright infringement claims alleged against Defendants Universal and Jive are **DISMISSED**, **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.  In light of Plaintiff's *pro se* status, the Court will provide Plaintiff the opportunity, should he wish to do so, to replead (*i.e.*, file an amended complaint) his copyright infringement claims as to Universal and Jive.  In the event he chooses this option, Plaintiff is directed to include sufficient factual matter setting forth the who, what, when, where, why and how concerning those infringement claims directed at Universal and Jive. Such factual information must be enough to place Universal and Jive on notice as to their *individual* roles in the alleged infringement such that they are vested with sufficient information to respond to Plaintiff's claims.  Plaintiff may also amend his factual allegations as to the musical aspects of his alleged ownership of *Love*

*Letter*. The amended complaint, if any, shall supersede the original in all respects and must therefore contain *all* of Plaintiff's allegations and claims. The amended complaint, if filed, must be filed not later than January 9, 2019. If Plaintiff chooses instead to forego filing an amended complaint, the instant Complaint [Doc. 3] shall remain the operative pleading in this matter but the caption shall be amended by the Clerk's Office to reflect that Universal and Jive have been dismissed from this lawsuit. In addition, the Clerk's Office is directed to resubmit this matter to the undersigned if no amended complaint is filed by the January 9, 2019 deadline.

**IT IS SO ORDERED** this 14th day of December, 2018.

_____
**Amy Totenberg**
**United States District Judge**