## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### Atlanta Division

| | | |
|---|---|---|
| RICARDO WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | 1:18-CV-05014-AT |
| v. | ) | |
| | ) | |
| ROBERT (R. KELLY) KELLY, RCA, | ) | |
| and SONY MUSIC | ) | |
| ENTERTAINMENT, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEFENDANT SONY MUSIC ENTERTAINMENT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT, MADE BY SPECIAL APPEARANCE, AND INCORPORATED MEMORANDUM OF LAW

Defendant Sony Music Entertainment[1] (referred to herein as "Sony") hereby specially appears and submits this Motion to Dismiss the Amended Violation of the United States Copyright Laws, Supporting Memorandum of Law and Request for Hearing (the "Amended Complaint") filed by Plaintiff Ricardo Wilson's

---

[1] Defendant Sony Music Entertainment is incorrectly identified as "Sony Music Entertainment, Inc." Defendant RCA Records also is incorrectly named in the Amended Complaint as "RCA."  Even if properly named, RCA Records is not a proper defendant.  It is a division of Sony, and not a standalone corporate entity. Any references to "Sony" herein also refer to Defendant RCA Records. Furthermore, RCA was not served in this litigation.

("Plaintiff").  The entirety of Plaintiff's Amended Complaint should be dismissed as to Defendant Sony for the many reasons discussed below.

### Introduction

At its core, this lawsuit involves a dispute between Plaintiff and R&B artist R. Kelly regarding the money earned from, and their rights to, a certain musical composition that Plaintiff alleges was jointly created.  Plaintiff readily admits that he struck a deal **with R. Kelly** such that the two would split the income from his contributions as an alleged co-author:

- "***The main issue is whether or not [R.] Kelly was wrong*** for putting the record on the album without having purchased the song through the proper channels. Am. Compl., p.3.

- "***Parker [R. Kelly's alleged manager] consistently informed [Plaintiff] that he would be compensated*** for the song, album title, tour, digital downloads, etc. and everything else derived from the original lyrics and song LOVE LETTER." *Id*., p.8.

He also does not plead that Sony was ever aware of his contributions to the song or his agreement with R. Kelly's manager to share in the profits.  Nevertheless, he filed suit against Sony seeking $5 million dollars in profits and damages.   For the myriad of reasons cited herein, Sony is not a proper party to this lawsuit.

Furthermore, taking the allegations in his pleadings as true for purposes of the instant Motion, Plaintiff contributed to the song's title, lyrics and cadence.  However,

based on these same allegations, he cannot prove that he owns a valid copyright in any element of the song other than possibly the lyrics or that Sony, the record label that owns the copyright in the "Love Letter" sound recording that embodies the performance of  R&B artist R. Kelly, copied without authorization any elements of his song in which he has a copyrightable interest.  Therefore, this Court may properly conclude that Sony is not a proper party to this lawsuit.

Furthermore, the statute of limitations on Plaintiff's ownership claim expired, at the latest, in November 2018.  Since Plaintiff's claim to ownership of the copyright is fundamental to his infringement claim, his claim is time-barred.  The essence of Plaintiff's claim, as he asserts, is whether R. Kelly wrongfully put Plaintiff's song on R. Kelly's album without Plaintiff's permission and without paying Plaintiff in connection with the release of the song.[2]  Plaintiff has dragged his feet in asserting these claims and should not be given a pass just because he was incarcerated during part of the statute of limitations period.  The exhibits to his pleadings indicate that he had access to counsel during his incarceration and, thus, his undue delay in filing such claims against Defendant Sony is inexcusable and time-barred.

---

[2] *See* Amended Complaint ("Am. Compl.") at pp.3-4.

## Summary of Alleged Facts[3]

Plaintiff Ricardo Wilson, a freelance songwriter, purports to assert claims based on a musical composition entitled "Love Letter" that he allegedly wrote while incarcerated (the "Song"). *See* Amended Complaint ("Am. Compl."), p.2.   As alleged by Plaintiff, Defendant Robert Kelly, p/k/a R. Kelly ("R. Kelly") is a Grammy Award winning recording artist who "was signed in a recording contract with RCA [R]ecords." *Id*. Defendant Sony Music Entertainment is a record company, and RCA Records is a division of Sony.[4] *Id*., pp. 4, 5.

Plaintiff alleges in the Amended Complaint that he authored (specifically that he "created the [S]ong's title, concept, cadence and some of the words" of) the R&B song "Love Letter" while he was serving time in Manchester, Kentucky federal prison in 2008. *Id*., pp. 2-4.  Prior to the release of the Song, Plaintiff and Renaldo Parker ("Parker"), who Plaintiff claims was R. Kelly's manager, were serving time together and were neighbors in the same prison unit. *Id*., p.3.  Parker, hearing that Plaintiff had writing potential, purportedly approached Plaintiff about sending some of his songs to R. Kelly. *Id*.  Plaintiff agreed. *Id*.  According to Plaintiff, Parker

---

[3] For purposes of this Motion only, Sony treats the well-pleaded facts of the Amended Complaint as true.  Sony reserves the right to deny any of the factual allegations in the Amended Complaint if the instant Motion to Dismiss is not granted and it has to file an Answer.

[4] RCA Records is a division of Sony and not a standalone corporate entity.

directed Wilson to speak with one of R. Kelly's purported business associates on a pay phone in the prison. *Id.*, p.6.   During this conversation, R. Kelly's alleged business associate, "Tom Tom," told Plaintiff that he was visiting R. Kelly at a recording studio, and R. Kelly had been given a package with Plaintiff's sheet lyrics inside. *Id.*   On this call, Wilson purportedly told Tom Tom that of all of his works, he liked "Love Letter" the most. *Id.*, p.7.   When asked to sing the song, Plaintiff stated, "I cannot sing, I repeat, I cannot sing.  I wish I could, I only write. But here's the cadence" and then proceeded to modulate his voice over the pay phone.  Plaintiff contends that the cadence he "translated" over the phone that day was the same melody that R. Kelly chants at the beginning of the Song. *Id.*

Subsequently, in 2010, the Plaintiff alleges that the Song was released by Defendant "RCA." *Id.*, p.7.   For purposes of this Motion, Sony refers to the sound recording embodying the performance of a composition owned by R. Kelly titled "Love Letter" as the "Recording."[5]  But Plaintiff claims that the Recording embodies his Song, and the Song sold millions of digital downloads and copies and was performed in concerts by R. Kelly. *Id.*, p.3.   Per Plaintiff, the Song was also

---

[5] As set forth in greater detail herein, Sony holds a valid copyright interest in the Recording.

nominated for an American Grammy Award, and in 2011, was certified gold selling 500,000 copies. *Id.*, p.5.

Attached to Plaintiff's Amended Complaint is a Certificate of Registration with the U.S. Copyright Office (No. PAu -716-250).[6] The "Nature of Work" of this Registration is the song lyrics of the Song. The Copyright Office expressly notes in the Certificate that "[r]egarding author information: deposit contains ***lyrics only***." (emphasis added). Plaintiff's Certificate is dated January 25, 2011, which is *subsequent* to the release of the Recording.

After Plaintiff was transferred to Pollock, Louisiana's federal prison, he heard what he claims to be his Song being broadcasted nationally on the radio. *Id.*, p.3. Plaintiff admits that "[R.] Kelly changed a lot of the words," but Plaintiff contends that he "kept the cadence and title, which is also the title of the album." *Id.*, p.4. According to Plaintiff, R. Kelly had been given permission to record the Song, but Plaintiff was never given any writing credits or compensation in exchange for his contributions to the Song. *Id.*, p.2.

---

[6] The exhibits referenced in Plaintiff's Amended Complaint were neither attached to the Amended Complaint nor filed with the Court. On March 25, 2018, Defendant's counsel contacted Plaintiff and requested copies of his exhibits and informed him that they had not been filed as a part of the Court's record. For the Court's convenience, a copy of Plaintiff's Certificate of Registration, which was referenced in the Amended Complaint but was not filed, is attached hereto as Exhibit "1."

Based on the foregoing, Plaintiff alleges that Defendants committed copyright infringement under "title 17 U.S.C. 102(a) [and] Chapter 5 [U.S.C. 504(b)]" by copying, distributing, producing and promoting the Song in connection with the Recording. *Id*., pp.1, 5.   He has asserted a claim against Sony based on the company's involvement with the distribution, production and promotion of the Song as allegedly embodied in the Recording, and his alleged right to receive compensation in connection with that purported use of the Song. *Id*., p.5. While the gravamen of Plaintiff's claim is based on his alleged ownership of copyrights in the Song, he does not assert ownership of any sound recording. *See id. generally*.   In connection with his alleged joint authorship of the Song, Plaintiff has asserted claims under "title 17 U.S.C. 102(a) [and] Chapter 5 [U.S.C. 504(b)]" against all Defendants seeking $5 Million Dollars in damages and profits.[7]

---

[7] *Id*., pp.1, 5.  Since Plaintiff's registration of the lyrics in the Song occurred ***after*** R. Kelly's registrations of ownership in the composition, Plaintiff is precluded from recovering statutory damages. *See* 17 U.S.C. § 412; *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829 (11th Cir. 1990) (holding that copyright owner must have registered copyright prior to infringement in order to obtain statutory damages in copyright infringement action.)

## Argument and Citations to Authority

**I.      Plaintiff's Copyright Infringement Claim Against Sony Fails as a Matter of Law.**

a. Standard of Review

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted.  The allegations in the complaint must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a Rule 12(b)(6) motion, the complaint must establish that the requested relief is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly*, 550 U.S. at 570). Conclusory allegations, legal conclusions and a "formulaic recitation of the elements of a cause of action" cannot withstand a motion to dismiss. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). Instead, the complaint must supply "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence' of [plaintiff's] claim." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556).

b. <u>Plaintiff fails to plead sufficient facts to prove that he owns a valid copyright in the Song's title and/or its musical composition.</u>

"To make out a prima facie case of copyright infringement, a plaintiff must show that (1) it owns a valid copyright in the work and (2) defendants copied protected elements from the work." *Fey v. Panacea Mgmt. Grp. LLC,* 261 F. Supp. 3d 1297, 1309 (N.D. Ga. 2017) (quoting *Smith v. Casey,* 741 F.3d 1236, 1241 (11th Cir. 2014). To satisfy the first prong, a plaintiff must prove that the work is copyrightable subject matter and that the plaintiff complied with applicable statutory formalities. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1232-1233 (11th Cir. 2010); *see also Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1008 (2017) ("A valid copyright extends only to copyrightable subject matter."). "The Copyright Act of 1976 defines copyrightable subject matter as 'original works of authorship fixed in any tangible medium of expression.'" *Id*. (citing 17 U.S.C. § 102(a)). If a work is not "original" and is not "fixed in [a] tangible medium of expression," then it is not afforded protection under the Copyright Act. *Id*.

Here, Plaintiff alleges that he "created the [S]ong's title, concept,[8] cadence, and some of the words." Am. Compl. at 4. Each of these elements is discussed below in turn.

---

[8] Notably, a "concept" is not copyrightable. *See* 17 U.S.C. 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea,

### i.   *Plaintiff fails to plead a valid, protectable copyright interest in the title of the Song.*

Plaintiff cannot satisfy the elements of his claim for copyright infringement because he cannot show that the title of the Song is 'original' so as to be protectable under the Copyright Act.  Copyright law is intended to protect creative expression through an original work. *See Feist Publications, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340 (1991) (holding that originality, for copyright purposes, is constitutionally mandated for all works.).  "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Lil' Joe Wein Music, Inc. v. Jackson*, 245 F. App'x 873, 878 (11th Cir. 2007) (*quoting Feist*, 499 U.S. at 345).

As a general matter, song titles are not subject to copyright protection, particularly where the title is a common phrase that is "used in everyday speech in a variety of contexts." *Edwards v. Raymond*, 22 F. Supp. 3d 293, 299 (S.D.N.Y. 2014); *see also* 37 C.F.R. § 202.1(a) (articulating that "[w]ords and short phrases such as

---

…concept…regardless of the form in which it is described, explained, illustrated or embodied in such work.").  Copyright does not cover ideas, concepts, and principles themselves, only the form in which they are expressed. *Fey v. Panacea Mgmt. Grp. LLC*, 261 F. Supp. 3d 1297 (N.D. Ga. 2017) (Copyright protection "extends only to the particular expression of an idea and never to the idea itself.")

names, titles, and slogans" are not subject to copyright protection).  Only if a song title is "arbitrary, fictitious, fanciful, artificial, or technical" will courts even consider whether copyright protection would attach. *Tree Pub. Co., Inc. v. Warner Bros. Records*, 785 F. Supp. 1272, 1275 (M.D. Tenn. 1991) (internal citations omitted).

The title to this Song is no exception. The phrase "Love Letter" is not original, nor has Plaintiff alleged that this phrase was his original creation.  It is undisputed that the term "Love Letter" is a very common phrase in the English language.  This phrase is generic and is thus a non-copyrightable element of the Song. Since a claim for copyright infringement cannot be based on a non-copyrightable element of a work such as a song title, Plaintiff will not prevail on his claim for copyright infringement as to the title of the Song as a matter of law. *See e.g. Home Design Servs., Inc. v. Turner Heritage Homes Inc.,* 825 F.3d 1314, 1324 (11th Cir. 2016) (If "the similarity between two works concerns only non-copyrightable elements," then there can be no copyright infringement as a matter of law.).

### ii. *Plaintiff fails to plead a valid, protectable copyright interest in the so-called "cadence" of the Song.*

Another fatal flaw of Plaintiff's infringement claim is based on his failure to allege that the so-called "cadence" of the Song was ever "fixed" in a tangible medium of expression.

11

> A work is "fixed in a tangible medium of expression" when its embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration. A work consisting of sounds, images, or both, that are being transmitted, is "fixed" for purposes of this title if a fixation of the work is being made simultaneously with its transmission.

17 U.S.C.A. § 101. Copyright protection subsists in original works of authorship fixed in any tangible medium of expression. 17 U.S.C. §102(a).

Plaintiff's Amended Complaint fails to allege that he ever "fixed" the alleged cadence of the Song in a tangible medium of expression. While he alleges that the lyrics to the Song were written down and sent to R. Kelly, (*See* Am. Compl. at pp.6-7), he fails to allege that the "cadence" was ever recorded or otherwise fixed in a tangible medium. Plaintiff alleges that he took the following measures with regards to the musical composition of the Song:

- "[He] would produce a harmony from surrounding sounds by humming to himself a rearranged melody, which would give him the rhythm to write the lyrics and compositions." *Id*., p.6.

- "[He] modulated his voice over the pay phone." *Id*., p.7.

- "He contest[s] that the cadence he translated over the phone to Tom Tom is the same melody that R. Kelly chants in the opening of the [Song]." *Id*.

Simply humming or modulating the "cadence" with his voice is not fixation in a tangible medium. Nowhere in his Amended Complaint does he purport to have fixed

the cadence in any tangible medium as required by the Copyright Act.  Nor does Plaintiff's copyright registration extend to anything beyond the lyrics of the Song. *See* Exhibit 1.

For these reasons, Plaintiff is not entitled to copyright protection with respect to the alleged "cadence" of the Song.[9]

### iii.   *Plaintiff fails to plead that he has complied with applicable statutory formalities as it relates to the title and sound recording of the Song.*

Plaintiff also fails to plead sufficient facts necessary to show that he has complied with applicable statutory formalities.  Section 411(a) of the Copyright Act requires registration of a copyright prior to filing an action for infringement of that copyright, specifically stating that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with [the Act]." *Smith v. Casey*, 741 F.3d 1236, 1242 (11th Cir. 2014) (citing 17 U.S.C. § 411(a)).  "Even the beneficial owner of an exclusive right in a copyrighted work must still demonstrate compliance with the Act's formalities, which require 'preregistration or registration of the copyright claim ... in accordance with this title.'" *Id*.  "In a judicial proceeding, '[a] certificate of a registration made before or within five years after first publication

---

[9] For purposes of this Motion, Defendant will concede Plaintiff has properly pled that his lyrics were fixed in a tangible medium of expression.

of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.'" *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010) (citing 17 U.S.C. § 410(c)).

Plaintiff contends that he "created the [S]ong's title, concept, cadence and some of the words." Am. Compl., p.4.  However, Plaintiff fails to plead sufficient facts necessary to show that he has complied with the applicable statutory formalities to register his alleged copyright interest in the title and "cadence" of the Song.  As reflected in Exhibit A of Plaintiff's Amended Complaint, Plaintiff purports to hold a copyright registration in the lyrics of the Song – but only *the lyrics*.[10]  Plaintiff has not presented any other documents to show that he has registered for copyright protection as to any other allegedly original elements of the Song nor has he alleged that such documents exist.

Moreover, Plaintiff does not allege that he ever recorded the Song or fixed it in that fashion.  Nor does the Copyright Registration attached to the Amended Complaint cover a sound recording or any recorded elements of the Song[11]—it only

---

[10] Attached hereto as Exhibit 1.

[11] Sony's copyright interest resides in the Recording, i.e. the sound recording of "Love Letter." A true and accurate copy of Sony's Copyright Registration in the Recording is attached hereto as Exhibit "2."

covers the lyrics.[12]  Since Plaintiff has failed to plead compliance with applicable statutory formalities with respect to his purported contribution to the title, concept and cadence of the Song, he cannot satisfy the first prong of his claim against Sony for copyright infringement with respect to those elements.

    c. <u>Plaintiff's infringement claim against Sony fails because Plaintiff has implicitly acknowledged that Sony holds a license to the copyrighted material at issue.</u>

The second prong of a copyright infringement claim requires "the copying of constituent elements of work that are original." *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir.2002) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).  To satisfy this prong, the plaintiff must establish that the alleged infringer actually copied plaintiff's copyrighted material.[13]  A claim for infringement is not proper, however, when a joint author has properly licensed the copyright in a joint work to a defendant. *See* Cambridge Univ. Press v. Becker, 863 F. Supp. 2d 1190, 1257 (N.D. Ga. 2012) (Under the Copyright Act, one joint author may properly license the copyright in a joint work to a third party).  A party who

---

[12] Notably Plaintiff has not pled, and cannot establish, that he has a protectable copyright interest in any aspect of the Song other than the lyrics.

[13] Plaintiff has not pled, and cannot establish, that he has a protectable copyright interest in any aspect of the Song other than the lyrics.  And, notably, Plaintiff admits that R. Kelly "changed a lot of the words." Am. Compl., p.4.  Thus, the Song is, admittedly, not substantially similar to R. Kelly's composition.

enters into a valid contract for the license to reproduce a copyrighted work is not considered an "infringer" under the Copyright Act. *Id*.

In his Amended Complaint, Plaintiff readily admits that there was a contractual relationship between R. Kelly and Sony for the release of "Love Letter."

- The song "LOVE LETTER" has sold millions of digital downloads and copies …The recordings were put out by Jive Records, a unit of Sony Music Entertainment. Am. Compl., p.3.

- RCA and Sony are involved with producing, promoting and distributing music including the album LOVE LETTER. *Id*., p.5.

- Artists who signed contracts with these three imprints were shifted to RCA.  R. Kelly was one of the artists …Sony [M]usic remains the parent company to RCA in 2019. *Id*.

- …the recorded song LOVE LETTER, which was released under Jive/RCA in 2010, and is continually owned by Sony Music Entertainment. *Id*., p.7.

As demonstrated above, Plaintiff, on the face of his Amended Complaint, implicitly acknowledges that Sony was a proper licensee who had been granted a license from R. Kelly and/or his publishing company to distribute "Love Letter."  Accordingly, even if this Court were to find that Sony did any copying of the composition, "Love Letter," Sony did not copy Plaintiff's Song, rather Sony had a license to record the "Love Letter" composition that was written by R. Kelly.

Thus, since Sony's use was authorized by at least one co-owner (i.e. R. Kelly), there is no valid infringement action against Sony irrespective of whether Plaintiff is a co-author of the composition. *See* Cambridge Univ. Press v. Becker, 863 F. Supp. 2d 1190, 1257 (N.D. Ga. 2012) (Under the Copyright Act, one joint author may properly license the copyright in a joint work to a third party).

## II.     Plaintiff's Claim Against Sony for Alleged Copyright Infringement Is Time-Barred.

Any civil action under the Copyright Act must be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b).  The statutory limitations period applicable to a copyright ownership claim begins to run when the plaintiff knows, or in exercise of reasonable diligence should know, of the infringement. *Black Box Royalties, Inc. v. Universal Music Publ'g, Inc.,* No. 1:15-CV-04013-ELR, 2017 WL 3508727, at *6 (N.D. Ga. Feb. 21, 2017) (*citing Lott-Johnson v. Estate of Goreau*, No. 1:14-cv-03104-WSD, 2015 WL 4389979, at *3 (N.D. Ga. July 15, 2015)).  By contrast, the statute of limitations for a copyright infringement claim operates under the 'separate-accrual rule,' which states that an infringement action may be commenced within three years of *any* infringing act, regardless of any prior acts of infringement. *See Black Box Royalties, Inc. v. Universal Music Publ'g, Inc.,* No. 1:15-CV-04013-ELR, 2017 WL 3508727, at *6 (N.D. Ga. Feb. 21, 2017) at *6 ("Under the separate-accrual rule, each time an infringing work is reproduced or

distributed the infringer commits a new wrong and the 'statute of limitations runs separately from each violation.'").

In *Master Mind Music, Inc., supra*, this Court addressed, as a matter of first impression, whether a time-barred ownership claim operates to bar an attendant infringement claim.  This Court looked at decisions in other circuits in order to reach its decision that when the resolution of the ownership claim is fundamental to the infringement claim, a time-barred ownership claim operates to bar the infringement claim. *Id.* at *4 (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 389–90 (6th Cir.2007) ("When claims for both infringement and ownership are alleged, the infringement claim is timely only if the corresponding ownership claim is also timely."); *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir.1996) (where "creation, rather than infringement, was the gravamen" of plaintiff's claim, accrual of co-ownership claim was determinative); *Ortiz v. Guitian Bros. Music, Inc.*, 2008 WL 4449314, at *3 (S.D.N.Y. Sept.29, 2008) ("Where, as here, a plaintiff's copyright ownership is not conceded (and, in fact, the defendant holds a prior copyright registration certificate for the disputed work), copyright ownership, and not infringement, is the gravamen of the plaintiff's claim to which the statute of limitations is applied.")).  This Court held that the determinative test is "whether an

ownership claim is the gravamen of [a plaintiff's] infringement claim." *Master Mind Music, Inc.* at \*4.

a. Since the gravamen of Plaintiff's claim involves a dispute of copyright ownership, the separate accrual rule does not apply.

As decided by this Court in *Master Mind Music, Inc.*, the separate-accrual rule does not apply when the gravamen of the dispute involves copyright ownership. *See also Black Box Royalties, Inc.,* at \*6.  "Where the gravamen of a copyright infringement suit is ownership, and a freestanding ownership claim would be time-barred, any infringement claims are also barred." *Id*. ("A plaintiff cannot avoid a statute of limitations defense 'by portraying an action as one for infringement when copyright ownership rights are the true matter at issue.' ").

In this lawsuit, Plaintiff's copyright claim involves ownership.  As in *Master Mind Music, Inc*., *supra*, Defendant R. Kelly holds a copyright registration in the composition for "Love Letter," which is the disputed work in this litigation, and therefore an actual controversy may exist between Plaintiff and R. Kelly concerning copyright ownership and whether Plaintiff is a joint author or co-owner of the "Love Letter" composition that was written by R. Kelly.  In his Amended Complaint, Plaintiff puts ownership of the copyrights in the Song at issue by asserting that "R. Kelly recorded and released 'LOVE LETTER' a song [Plaintiff] wrote and [] holds the copyright [in], ***without permission***." Am. Compl. at p.3 (emphasis added).

Plaintiff goes on to assert that "*[t]he main issue* is whether or not [R.] Kelly was wrong for putting the record on an album without having purchased the [S]ong through the proper channels." *Id*. (emphasis added).

Moreover, Plaintiff is clearly disputing R. Kelly's ownership in the copyrights to R. Kelly's composition also titled "Love Letter" as evidenced by Plaintiff's submission of Plaintiff's copyright registration as an exhibit to the Amended Complaint. *See* Exhibit 1.   Importantly, Plaintiff's copyright registration is a PA registration, which covers registrations for published or unpublished works of the performing arts, including musical works; PA Registrations specifically do *not* include sound recordings, i.e. "the work that results from the fixation of a series of musical, spoken, or other sounds, but not the underlying musical or dramatic work." *See*   https://www.copyright.gov/forms/formpa.pdf.      Accordingly,   Plaintiff's ownership rights only would extend to the Song, not any recorded elements, and Plaintiff's Certificate of Registration expressly limits his rights to the lyrics only. *See* Exhibit 1.  Plaintiff's Amended Complaint therefore only relates to the "Love Letter" musical composition, which is not owned by Sony. Without any ownership interest in a recorded version of the Song, Plaintiff cannot dispute with Sony whether he owns the copyright in the Recording released by Sony.

b.  <u>Plaintiff had notice of R. Kelly's ownership claim no less than three years prior to filing suit and thus his claim is time-barred.</u>

Plaintiff's Amended Complaint, on its face, establishes that Plaintiff had notice of Defendant's claim, and the statute of limitations began running, no less than three years prior to this lawsuit.  Attached to Plaintiff's Complaint is a demand letter, dated January 22, 2016, which makes reference to a November 2015 "telephone correspondence" between Plaintiff's former counsel, Christopher Troutman, Esq., and counsel for R. Kelly, Derrel McDavid, Esq., wherein "potential claims" against R. Kelly were discussed.[14]  Since Plaintiff's former counsel was discussing potential claims to be asserted against R. Kelly in November 2015, Plaintiff cannot dispute that he was acutely aware of Defendant's ownership claim in – at the latest – November 2015.  Despite his knowledge of the existence of a claim for infringement against R. Kelly, Plaintiff, who had counsel at this time, did not file suit.  Accordingly, at the latest, the statute of limitations on Plaintiff's claim would have run in November 2018.

Additionally, recordation of a document in the Copyright Office "gives all persons constructive notice of the facts stated in the recorded document."  *See* 17 U.S.C. § 205(c); *Master Mind Music, Inc.*, 2012 WL 6625754, at *9 (citing *Margo*

---

[14] For the Court's convenience, a copy of the demand letter is attached hereto as Exhibit "3."

*v. Weiss*, Case No. 96 Civ. 3842, 1998 WL 2558, at *5 (S.D.N.Y. Jan. 5, 1998), aff'd, 213 F.3d 55 (2d. Cir. 2000) ("Any injury plaintiffs suffered by virtue of not receiving credit as co-authors …first occurred [when] the song was written and the copyright certificate listing the lyricists as authors was filed")); *Black Box Royalties, Inc.* at *6 (same).  The copyright in the R. Kelly composition titled "Love Letter" was registered with the U.S. Copyright Office in 2011.[15]  From that point forward, Plaintiff had constructive knowledge of R. Kelly's assertion of copyrights in his composition titled "Love Letter." *See id.*   Plus, Plaintiff alleges that he heard the Recording on the radio while in prison and would have had actual notice of any alleged infringement at such time.

Because Plaintiff had constructive notice of his copyright infringement claim in 2011 – or in November 2015 at the very latest – and did not file suit within the three-year statutory limitations period, his copyright claim must be dismissed.

---

[15] Sony respectfully requests that the Court take judicial notice of the document containing links to the Copyright Office's online database (as well as website screenshots) for each of the copyright registrations in the composition "Love Letter" authored by R. Kelly, attached hereto as Exhibit "4." It is proper for this Court to take judicial notice of the existence of such copyright registrations as well as the listed registration date. The Court may take judicial notice that the contents of each registration were created at least as early as March 31, 2011. *See White v. Alcon Film Fund, LLC*, 52 F.Supp.3d 1308 (N.D.Ga.2014) (holding that courts may take judicial notice of the Copyright Office's online database.)

## **Conclusion**

For the reasons stated above, Plaintiff has failed to assert sufficient, provable facts in support of his claim for copyright infringement against Sony and its division RCA Records.  Based upon the foregoing, Defendant Sony Music Entertainment respectfully request that the Court DISMISS with prejudice Plaintiff's Amended Complaint for Plaintiffs' failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

This 4th day of April, 2019.

Respectfully submitted,

*s/ Jordan Fishman*

_____
Hayden Pace
Georgia Bar No. 558595
Jordan Fishman
Georgia Bar No. 180796

*Counsel for Defendant Sony Music Entertainment*

**STOKES WAGNER, ALC**
One Atlantic Center, Suite 2400
1201 W. Peachtree Street
Atlanta, GA 30309
404.766.0076 (tel)
404.766.8823 (fax)
hpace@stokeswagner.com
jfishman@stokeswagner.com

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this document complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia and has been typed in Times New Roman 14 point.

*s/ Jordan Fishman*

_____

Jordan Fishman

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division**

| | | |
|---|---|---|
| RICARDO WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | 1:18-CV-05014-AT |
| v. | ) | |
| | ) | |
| ROBERT (R. KELLY) KELLY, RCA, | ) | |
| and SONY MUSIC | ) | |
| ENTERTAINMENT, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of DEFENDANT SONY MUSIC ENTERTAINMENT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT, MADE BY SPECIAL APPEARANCE, AND INCORPORATED MEMORANDUM OF LAW was electronically filed with the Court's CM/ECF system and a copy of same was sent to *Pro Se* Plaintiff of record below via U.S. Mail, postage prepaid to the address below:

> Ricardo Wilson, *pro se*
> 478 S. Atlanta Street
> Roswell, Georgia 30075

> Dated: April 4, 2019

*s/ Jordan Fishman*

_____

Jordan Fishman