## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| RICARDO WILSON,<br><br>          Plaintiff,<br><br>v.<br><br>ROBERT (R. KELLY) KELLY, RCA, and<br>SONY MUSIC ENTERTAINMENT, INC.<br><br>          Defendants. | Case Number:<br>1:18-CV-05014-JPB |

### DEFENDANT SONY MUSIC ENTERTAINMENT'S
### MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT
### AND INCORPORATED MEMORANDUM OF LAW

Defendant Sony Music Entertainment[1] (referred to herein as "Sony") hereby

specially appears and respectfully moves the Court to dismiss Plaintiff Ricardo

Wilson's Third Amended Complaint [Dkt. 50].  Each of the causes of action asserted

against Sony in the Third Amended Complaint should be dismissed for the reasons

discussed below.

---

[1] Defendant Sony Music Entertainment has been incorrectly identified by Plaintiff
as "Sony Music Entertainment, Inc."

**<u>Introduction</u>**

Despite four attempts, and a road map provided by the Court, Plaintiff still has failed to plead a proper copyright infringement claim against Sony, the record label that owns the copyright in the "Love Letter" sound recording (the "Recording"), and against Robert Kelly, p/k/a "R. Kelly," the R&B artist who performed on the Recording.

Plaintiff alleges that he wrote the musical composition "Love Letter" (the "Song") in 2008 while he was incarcerated, and then shared the Song with Defendant Kelly who proceeded to copy elements of it without giving him writing credit or compensation. [Dkt. 50].  Specifically, Plaintiff claims that the Song's title, lyrics and cadence have been used in or for the Recording.  However, on his fourth attempt, Plaintiff has failed to properly establish that he holds a valid copyright interest in any element of the Song other than possibly the lyrics.  And as a natural consequence of that shortcoming, he cannot and has not pled that Sony copied any elements in which he has a copyrightable interest.

Setting aside his failure to plead a viable copyright claim against Sony, Plaintiff has now chosen to exploit this fourth opportunity to amend his complaint by adding entirely new claims.  Nearly eighteen months after filing his original Complaint, Plaintiff has added two additional causes of action against Sony:

conspiracy (new Count Two) and racketeering (new Count Three).  Each of these new claims also suffer from pleading deficiencies and are ripe for dismissal under Rule 12(b)(6).  The claims are pled in a shotgun and bare bones fashion without sufficient detail to satisfy even a notice pleading standard.

### Procedural Background

On March 5, 2020, the Court entered an order denying Sony's Motion to Dismiss the Second Amended Complaint (the "Order"). [Dkt. 44].  The Order addresses several of the arguments raised by Sony in Sony's Motion to Dismiss and acknowledges that "a more carefully drafted complaint *might* state a claim in this matter…provid[ing] [Plaintiff] an opportunity to amend his Second Amended Complaint to add this information, if possible." [Dkt. 44, pp. 11, 14, 16].  In the Order, the Court generously provides Plaintiff a road map to point him in the right direction towards curing the apparent deficiencies.  As further discussed below, however, Plaintiff failed to follow the Court's guidance.  And his Third Amended Complaint should be dismissed as a result.

Simultaneous with the entry of the Order, the Court entered another order wherein it denied Plaintiff's Motion for Default Judgment (the "Default Order") [Dkt. 45].  Notably, this Default Order directs Plaintiff to file each of those exhibits referenced in his Second Amended Complaint, specifically: (1) "Exhibit A –

Copyright Certificate"; (2) "Exhibit B – Valid Copyrights"; (3) "Exhibit C – Recording Contracts"; (4) "Exhibit D – Book Manuscript/The Songwriter's Bible"; (5) "Exhibit F – Documentary Film"; (6) "Exhibit G – Photos"; (7) "Exhibit H – Testimonial Witnesses."  In the Default Order, the Court suggests that those exhibits may be relevant to its evaluation of the matters raised in Sony's instant Motion to Dismiss:

> such exhibits are necessary for the Court to evaluate whether Plaintiff states a claim for copyright infringement… [and] *are equally necessary for the Court to analyze Plaintiff's claims against … Defendant Sony Music Entertainment*."

[Dkt. 45] (emphasis added).

Despite the clear instruction set forth in the Default Order, Plaintiff filed his Third Amended Complaint on April 6, 2020 but failed to file the majority of the requested exhibits.[2]   Plaintiff's failure to follow the Court's instruction and supplement his Third Amended Complaint with these exhibits should be fatal to his claims and further supports the dismissal of his Third Amended Complaint.  Plaintiff was allotted several opportunities to cure his deficiencies, each causing expense to

---

[2] Plaintiff filed another copy of his Third Amended Complaint on April 15, 2020. [Dkt. 51] but again neglected to include these exhibits that the Court instructed him to file.

Sony and a waste of the Court's time and resources; thus, any subsequent attempt by Plaintiff to now belatedly cure these deficiencies should not be permitted.

## Argument and Citation of Authority

### I.   Standard of Review

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted.  The allegations in the complaint must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a Rule 12(b)(6) motion, the complaint must establish that the requested relief is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly*, 550 U.S. at 570). Conclusory allegations, legal conclusions and a "formulaic recitation of the elements of a cause of action" cannot withstand a motion to dismiss. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). Instead, the complaint must supply "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence' of [plaintiff's] claim." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556).

## II.   Despite his fourth attempt, Plaintiff has failed to salvage his copyright infringement claim.

Two elements are necessary for Plaintiff to establish a *prima facie* claim for copyright infringement: (1) that Plaintiff owns a valid copyright interest in the Song; and (2) that Defendants copied "constituent elements of the copyrighted work that are original." *Original Appalachian Artworks, Inc. v. Toy Loft,* 684 F.2d 821, 829 (11th Cir.1982).  This Court suggests that if Plaintiff can articulate that (1) Plaintiff fixed the Song's "cadence" in a fixed medium of expression, and that (2) Defendants copied the manner in which Plaintiff used the phrase "Love Letter," he may satisfy notice pleading requirements.  The Third Amended Complaint does not correct either of these deficiencies.

### A.   The Third Amended Complaint lacks allegations that the cadence of the Song was ever fixed in a tangible medium of expression.

It is a touchstone of copyright law that "[c]opyright protection subsists ... in original works of authorship[3] **fixed** in any **tangible medium of expression**, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17

---

[3] A sound recording is a "work of authorship" under the Copyright Act. 17 U.S.C. §102(a) (7).

U.S.C. §102(a) (emphasis added).  Thus, in order to be protectable under copyright law, Plaintiff's work must be fixed in a tangible medium of expression.

"A work is 'fixed' in a tangible medium of expression when its embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration." 17 U.S.C. §101. Sounds that are transmitted live and recorded simultaneously satisfy the "fixation requirement" of the Copyright Act. 17 U.S.C. §102; *Pac. & S. Co. v. Duncan*, 744 F.2d 1490, 1494 (11th Cir. 1984) (holding that college news feature broadcast by television station fell within protection of copyright laws as the editorial judgment used to present effectively the events covered by the broadcast made it an original work of authorship and the feature became "fixed" in a tangible medium when it was recorded on videotape at time of transmission); *Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 808 F. Supp. 2d 634, 637 (S.D.N.Y. 2011) (holding that the audio recording of the conference call which was "transmitted" live to analysts whose participation was requested and was recorded simultaneously with its transmission, satisfied the requirement of fixation).

The Third Amended Complaint nowhere pleads that Plaintiff's work was **fixed in a tangible medium of expression** – a requirement necessary to show that

Plaintiff has a copyright interest in an element of the Song.  The Third Amended Complaint alleges merely that Plaintiff **shared** the "cadence" of the Song during to a 2009 phone call with "Tom Tom," Renaldo "Roc" Parker, and Defendant Kelly. [Dkt. 50 at ¶¶5, 27] (emphasis added).  Specifically, it states:

> Plaintiff through cadence and articulation not only shared the words of the Works, including at least 4 bars, the melody and arrangement with Tom Tom during a phone call with he and the Defendant Kelly in 2009…

*Id.* at ¶27.

To be clear, the Third Amended Complaint alleges only that Plaintiff shared the "cadence"[4] over a phone call.  It does not allege that the call was recorded or otherwise copied[5] such that it "is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration."  This distinction is fatal to Plaintiff's copyright infringement claim.  Since Plaintiff *again* fails to plead that there was a recording, or an otherwise

---

[4] Plaintiff refers to the "cadence" of his Song on two occasions in the Third Amended Complaint (Third Am. Compl. ¶¶5, 27) but does explain what he means by his use of the word "cadence." Moreover, Sony has not found any legal authority which identify "cadence" as a protectible copyright interest.  Because Sony can only surmise as to Plaintiff's intended meaning of "cadence" and has found no authority treating cadence as copyrightable, Plaintiff's right to relief is speculative, at best.

[5] As previously noted by the Court, Plaintiff's responsive brief alleges that Defendant Kelly's business associate, Tom Tom, "recorded [Plaintiff's] voice modulation over the phone and presented it to R. Kelly." [Dkt. 24, pp. 13].  However, that allegation is noticeably absent from the Third Amended Complaint.

fixed medium of expression containing the Song's "cadence," his copyright infringement claim cannot proceed.

As mentioned above, the Court suggested in its Default Order that the exhibits referenced in Plaintiff's Second Amended Complaint might possibly show that Plaintiff has "the requisite information to establish a valid copyright in the Song's cadence and… show the registration required to bring a copyright infringement suit." However, the exhibits attached to Plaintiff's Third Amended Complaint – if shown to be authentic – do not and cannot establish that Plaintiff has a valid copyright registration in anything other than the *lyrics* of the Song.  Those limited exhibits submitted to the Court do **not** concern any other elements, such as the "cadence," of the Song.

In sum, because Plaintiff has failed to allege that his Song was ever fixed in any tangible medium of expression, his copyright infringement claim should be dismissed.

      B. <u>The Third Amended Complaint lacks allegations that Defendants copied constituent elements of the Song that are original.</u>

In the Order, the Court acknowledged that Plaintiff has sufficiently pled a valid copyright in the **lyrics** of "Love Letter."  But this fact, standing alone, is insufficient to establish a valid cause of action for copyright infringement.  Plaintiff

must additionally plead the second element required for an infringement claim, *to wit*, the copying of "constituent elements of the copyrighted work that are original."

In the Order, the Court suggests that Plaintiff may be able to satisfy this second element if Plaintiff properly articulates how his Song and the Recording are substantially similar. [Dkt. 44 p.13].  Going further, the Court gave Plaintiff a helpful hint as to how he may cure his deficiencies, stating: "[b]ecause [Plaintiff] failed to attach the lyrics of the Song as he wrote them and the lyrics of the Song as recorded and published, this Court cannot make any determination regarding the similarity of the lyrics in both songs." [*Id.*] However, Plaintiff did not take the hint.  Despite the opportunity to show how the lyrics in both works may be substantially similar, Plaintiff (again) wholly failed to do so.

Instead of showing how or in what manner the lyrics are substantially similar, the Third Amended Complaint contains only a conclusory statement that elements of Plaintiff's lyrics are similar:

> Plaintiff can show that his copyrighted lyrics are substantially similar to the Song even though Kelly 'changed a lot of the words; and as such, Plaintiff has the requisite information necessary to show copying of constituent elements of the work that are original.

[Dkt. 50 ¶75].  Here, Plaintiff even admits he has the "requisite information" – which presumably show a similarity between the lyrics – but the Third Amended Complaint

falls short and Plaintiff deprives the Court and Sony of this "requisite information." As earlier stated by the Court, such a conclusory allegation does not allow the Court "[to] make any determination regarding the similarity of the lyrics in both songs." [Dkt. 44 p.13]. Plaintiff openly admits in the Third Amended Complaint that Kelly "changed a lot of the words," which undercuts the notion that the lyrics are substantially similar.

Because Plaintiff's Third Amended Complaint fails to include allegations of how or in what manner his lyrics are substantially similar to those embodied in the Recording, and because he failed to accept the Court's clear invitation to submit an exhibit showing a comparison of the lyrics,[6] his allegations fall short of even a notice pleading standard.

## III. Plaintiff fails to allege information necessary to determine that his copyright claim is not time barred.

Any civil action under the Copyright Act must be "commenced within three years after the claim accrued." 17 U.S.C. §507(b). *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (holding that a copyright infringement claim must be dismissed if the claim is time barred). This three-year statute of

---

[6] The Order states, in relevant part, "[b]ecause [Plaintiff] failed to attach the lyrics of the Song as he wrote them and the lyrics of the Song as recorded and published, the Court cannot make any determination regarding the similarity of the lyrics in both songs." [Dkt. 44 p.13].

limitations begins to run when the plaintiff knows, or in the exercise of reasonable diligence should know, of the infringement. *Black Box Royalties, Inc. v. Universal Music Publ'g, Inc.*, No. 1:15-CV-04013-ELR, 2017 WL 3508727, at *6 (N.D. Ga. Feb. 21, 2017) (citing *Lott-Johnson v. Estate of Goreau*, No. 1:14-cv-03104-WSD, 2015 WL 4389979, at *3 (N.D. Ga. July 15, 2015)).

As stated in the Court's Order,

> after applying the separate-accrual rule, it is possible that [Plaintiff] is indeed barred from bringing certain infringement claims." [Dkt. 44 p.15].  To that end, "the date [Plaintiff] heard the Song on the radio or the dates he spoke with Defendant] Kelly's manager upon his release from prison" are "necessary to determine whether [he] knew or should have known about the initial copyright infringement, triggering the limitations period.

[Dkt. 44 p. 16].   However, Plaintiff's Third Amended Complaint does not address or attempt to cure these deficiencies, *i.e.* Plaintiff does not include the alleged date that he heard "Love Letter" on the radio while incarcerated or the alleged date(s) that he spoke with Defendant Kelly's manager upon his release from prison.  Plaintiff merely alleges in a conclusory fashion that his "claims commenced in 2018" [Dkt. 50, ¶76] but does not provide any factual details which would put Defendants and this Court on notice of what events allegedly took place in 2018 which allowed his

claims to commence.[7]

**IV.    The new claim of "conspiracy to commit copyright infringement" fails because it is preempted, and the underlying infringement claim is insufficiently pled.**

Plaintiff is grasping at straws trying to make his copyright infringement claim "work."   By adding a new conspiracy claim, it appears that he is attempting to salvage his underlying infringement claim by alleging that even if Sony did not directly infringe on his purported copyright, it conspired with others to do so.   As explained below, Plaintiff's conspiracy claim cannot survive as a stand-alone claim because (1) it is preempted by the federal Copyright Act; and (2) Plaintiff has failed to plead sufficient facts to establish conspirator liability.

A.   Plaintiff's conspiracy to commit copyright infringement claim is preempted because it does not pass the "extra element" test.

The Federal Copyright Act preempts all state law causes of action based on a right found in the Act or an equivalent to such a right. 17 U.S.C. §301(a); *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001). The Act states, in pertinent part,

all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, ... are

---

[7] As this Court noted, Plaintiff's Response to Sony's Motion to Dismiss lists dates that he purportedly contacted Sony representatives about the alleged infringement but none of these dates are included in his Third Amended Complaint. [Dkt. 24, pp. 3, 4].

> governed exclusively by this title.... [N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a).  On the other hand, a state law claim is not preempted by federal copyright law where it satisfies the "extra element" test, meaning it contains an "extra element" instead of, or in addition to, the elements of copyright infringement such that the nature of the state law action is qualitatively different from a copyright infringement claim. *Foley, supra*, 249 F.3d at 1285 (explaining the applicability of the "extra element" test).

Courts have consistently held that claims for conspiracy to violate the Copyright Act do not contain the "extra element" necessary to change the nature of the claim such that it is qualitatively different from the infringement claim and thus are preempted by federal copyright law. *See Cooper v. Sony Music Entertainment, Inc.*, No. 01-0941(DH), 2002 U.S. Dist. LEXIS 16038, at *11-12 (S.D.Tex. Feb. 22, 2002); *Two Palms Software, Inc. v. Worldwide Freight Management, LLC*, 780 F. Supp. 2d 916 (E.D. Mo. 2011); *Brown v. McCormick*, 23 F.Supp.2d 594, 608 (D.Md.1998); *Trenton v. Infinity Broadcasting Corp.*, 865 F.Supp. 1416, 1428 (C.D.Cal.1994); *Aqua Bay Concepts, Inc. v. Gross Point Board of Realtors*, No. 91 Civ. 74819(JAC), 1992 U.S. Dist. LEXIS, at *10-11 (E.D.Mich. May 7, 1992); *Offley v. Activision, Inc.*, 273 Fed. Appx. 610 (9th Cir. 2008).

The instant situation is no different.  Plaintiff's civil conspiracy claim does not add substantively to his underlying federal copyright infringement claim.  It makes no difference that the claim of conspiracy may require proof of elements different than those required to prove copyright because the nature of the misconduct that the conspiracy seeks to redress is not qualitatively different from that addressed by contributory and vicarious infringement claims.  *Casella v. Morris*, 820 F.2d 362, 365 (11th Cir. 1987) ("The test for contributory infringement has been formulated as "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another."); *Microsoft Corp. v. Silver Star Micro, Inc.*, No. 1:06-CV-1350-WSD, 2008 WL 115006, at *8 (N.D. Ga. Jan. 9, 2008) ("An individual is vicariously liable for copyright infringement if he had the right to supervise infringing activity and to receive profits directly from the infringement.").[8]  Here, Plaintiff specifically alleges that Sony participated in "contributory copyright infringement."

---

[8] *See e.g. Wise v. Williams*, No. 3:11-CV-00572, 2011 WL 13257087, at *4 (M.D. Tenn. Oct. 20, 2011) (holding plaintiffs' claim for conspiracy to commit copyright infringement was preempted by the Copyright Act because "the agreement element of a state law civil conspiracy claim, to the extent that it covers an agreement to commit copyright infringement, does not establish conduct that is qualitatively different from a copyright infringement claim because the copyright law already covers such conduct.") (citing *Tegg Corp. v. Beckstrom Elec. Co.*, 650 F. Supp. 2d 413, 427 (W.D. Pa. 2008)); s*ee also Cooper v. Sony Music Entm't Inc.*, No. CIV.A. 01-0941, 2002 WL 391693, at *4 (S.D. Tex. Feb. 22, 2002) (finding that the

> [Sony] conspired to seek full ownership of the song and album Love Letter with [Defendant Kelly] by …participating in **contributory copyright infringement**, and secondary liability, …

Third Am. Compl. ¶79 (emphasis added).

Since Plaintiff's claim of conspiracy to commit copyright infringement (Count Two) is preempted by federal copyright law, this claim should be dismissed.

B. <u>Plaintiff's conspiracy to commit copyright infringement claim fails because the derivative claim of copyright infringement is insufficiently pled.</u>

A conspiracy is "a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means. To recover damages for a civil conspiracy claim, a plaintiff must show that two or more persons, acting in concert, engaged in conduct that constitutes a tort." *TracFone Wireless, Inc. v. Zip Wireless Prod., Inc*., 716 F. Supp. 2d 1275, 1282 (N.D. Ga. 2010) (citation omitted).  Where Plaintiff fails to state a claim for the underlying tort claim, his claim for conspiracy to commit such tort also fails. *See Feldman v. Am. Dawn, Inc*., No. 1:14-CV-3006-LMM, 2015 WL 11439174, at *10 (N.D. Ga. Sept. 16, 2015),

---

plaintiffs' civil conspiracy claim did not add substantively to the underlying federal copyright claim and therefore was preempted, thus precluding plaintiffs' from proceeding further with the conspiracy claim as it applied to the copyright infringement portion of the suit).

aff'd, 849 F.3d 1333 (11th Cir. 2017) (dismissing plaintiff's claims for RICO conspiracy where plaintiff failed to state a substantive RICO claim).

As detailed above, Plaintiff fails to sufficiently state his underlying claim for the tort of copyright infringement. Therefore, the Third Amended Complaint, as pled, fails to show that Sony engaged in any tortious conduct. Accordingly, his claim for conspiracy to commit copyright infringement must fail.

## V. The new racketeering claim fails because Plaintiff fails to allege that Sony engaged in "a pattern of racketeering activity."

As an initial matter, Plaintiff's RICO claim (Count III) expressly relies upon 18 U.S.C. §371. *See* Third. Am. Compl. ¶86 (Defendants have "violate[d] the Act as prosecuted under 18 U.S.C. §371."). But the referenced code section applies to conspiracies intended to defraud the ***United States***. It is thus inapplicable here. Since Plaintiff lacks standing to assert a criminal or civil RICO claim against Sony under 18 U.S.C. §371, this claim must fail.

To state a cognizable claim for a RICO violation, a plaintiff must allege facts which establish "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1158 (11th Cir. 2019). Plaintiff's Third Amended Complaint fails to allege an actionable RICO claim under federal and Georgia law because it fails to allege the requisite "pattern of racketeering activity." *Jackson v. BellSouth*

*Telecomm.*, 372 F.3d 1250, 1264 (11th Cir. 2004) (an actionable RICO claim requires "a pattern of racketeering activity"); *see also CryoLife, Inc. v. Medafor, Inc*., No. 1:09-CV-1150-CAP, 2010 WL 11507024, at *2 (N.D. Ga. Aug. 9, 2010) (Georgia's RICO statute [O.C.G.A. § 16-14-4(a)] makes it unlawful for any person, "through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, real property, or personal property of any nature, including money.").

A "racketeering activity" is defined to include "any act which is indictable" as, *inter alia*, mail fraud or wire fraud. *See* 18 U.S.C. § 1961(1)(B).  To satisfy RICO's "pattern" requirement,[9] Plaintiff must show (1) that Sony committed two or more federal criminal offenses, often referred to as "predicate acts," within a ten year time span, (2) that those predicate acts are related to one another, and (3) that those predicate acts demonstrate a continuing nature of criminal conduct. *Fototec Int'l Corp. v. Polaroid Corp*., 889 F. Supp. 1518, 1522 (N.D. Ga. 1995) (citations omitted); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290–91 (11th Cir. 2010) (citing H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 240 (1989)) ("In order to prove

---

[9] *"*In enacting the Georgia RICO statute, the General Assembly expressly noted that its intent was to address an "interrelated pattern of criminal activity" and not to address 'isolated incidents of misdemeanor conduct or acts of civil disobedience.' " *CryoLife, Inc. v. Medafor, Inc*., No. 1:09-CV-1150-CAP, 2010 WL 11507024, at *3 (N.D. Ga. Aug. 9, 2010).

a pattern of racketeering in a civil or criminal RICO case, a plaintiff must show at least two racketeering predicates that are related, and that they amount to or pose a threat of continued criminal activity.").

Plaintiff's Third Amended Complaint does not allege any racketeering predicates that are related, nor which amount to or pose a threat of continued criminal activity. *Am. Dental Ass'n*, 605 F.3d at 1290–91.  The following allegations purport to support Plaintiff's RICO claim:

- Defendants have a pattern and practice of taking the works of unsigned writers and exploiting said works by registering said works as their own original works and not crediting or compensating the rightful, original owners of said Works. Said pattern amounts to conspiracy copyright infringement as well as civil and or criminal racketeering (R.I.C.O.) violations the facts of which will be supported by witness and other evidence to be proven at trial. Third Am. Compl. ¶52.

- Defendants infringed on a copyright for purposes of commercial advantage or private financial gain. *Id*. ¶¶82, 83.

- Defendants conspired to infringe on Plaintiff's copyright and did so systematically and with reckless disregard for the rights of many writers and said pattern or practice did in fact garner the Defendants a commercial advantage and financial gain. *Id*. ¶84.

- Sony conspired with R. Kelly, Renaldo Parker, Tom Tom, Valerie Felcetto and others to pirate the song, exclude [Plaintiff] from any credits and profits from the song and SR copyright certification. *Id.* ¶85.

- Said acts are prohibited and said conspiracies to violate the Act as prosecuted under 18 U.S.C. §371. *Id.* ¶86.

Notably, there is no allegation that Sony engaged in conduct that may constitute "racketeering activity." *See* 18 U.S.C. § 1961(1) (listing what constitutes a "racketeering activity"). The only reference to copyright infringement in 18 U.S.C. § 1961(1) identifies "section 2319 [of the criminal code] (relating to criminal infringement of a copyright)," which is not applicable here as there is no private cause of action under the criminal provisions of the copyright law,[10] and Sony is not being prosecuted for criminal copyright infringement.

Moreover, Plaintiff's RICO claim fails because Plaintiff's allegations all relate to a single act, *to wit* the alleged infringement of Plaintiff's Song, and thus there is no "pattern" of predicate acts.[11] Specifically, Plaintiff's RICO claim refers to Defendants' alleged infringement and "conspir[acy] to infringe on Plaintiff's copyright" and "to pirate the [S]ong, exclude [Plaintiff] from any credits and profits from the [S]ong and SR copyright certification." Third Am. Compl. ¶85. Plaintiff's conclusory allegation that Defendants conspired to infringe on Plaintiff's copyright

---

[10] *See Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 39 (S.D.N.Y. 1992), *aff'd sub nom. Kelly v. L.L. Cool J*, 23 F.3d 398 (2d Cir. 1994)

[11] Assuming, for purposes of this motion, that Plaintiff intended to assert a RICO claim under Georgia law, his claim must fail because all of the allegations fundamentally relate to a single transaction. *Williams v. Unum Life Ins. Co. of Am*., No. 1:07-CV-0240-JOF, 2007 WL 2479561, *2 (N.D. Ga. Aug. 27, 2007); *Raines v. State*, 467 S.E.2d 217 (Ga. Ct. App. 1996); *Cobb v. Kennon Realty Servs*., 382 S.E.2d 697 (Ga. Ct. App. 1989). As a result, the alleged predicate acts do not constitute a "pattern" of racketeering activity under Georgia law.

and "did so systematically" does not turn this single, allegedly unlawful act into "a pattern of predicate acts." *Id.* at ¶84.

Furthermore, while Plaintiff alleges that "[d]efendants have a pattern and practice of taking the works of unsigned writers and exploiting said works by registering [them] as their own," the Third Amended Complaint is devoid of ***any*** facts which would support a finding of such "a pattern or practice."  These unsupported allegations, without more, are too conclusory in nature to allow this Court to draw the reasonable inference that Defendants are liable for RICO violations. *See Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150 (11th Cir. 2019) ("A complaint is facially plausible when there is sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

To state a claim for civil damages, 18 U.S.C. § 1964(c) further requires Plaintiff to allege (1) injury to his business or property (2) by reason of the substantive RICO violation. *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1158 (11th Cir. 2019).  Accordingly, civil RICO plaintiffs must sufficiently plead both racketeering activity <u>and</u> that the racketeering activity caused them some injury. *Id.*   As demonstrated above, since Plaintiff fails to allege that Sony was part of an enterprise that engaged in acts of "racketeering activity," he

cannot show (and has not shown) that he suffered any injury by reason of a RICO violation.  For these reasons, the Court need not further analyze this "shotgun-pled" cause of action.

## Conclusion

Based upon the foregoing, Defendant Sony Music Entertainment respectfully requests, pursuant to Federal Rule of Civil Procedure 12(b)(6), that the Court DISMISS with prejudice each of the claims asserted against Sony in Plaintiff's Third Amended Complaint[12] and enter such further relief as this Court deems just and proper.

This 20th day of April, 2020.

Respectfully submitted by:
**STOKES WAGNER, ALC**

    /s/ *Jordan A. Fishman*
Hayden R. Pace, Esq.
Georgia Bar No. 558595
Jordan A. Fishman, Esq.
One Atlantic Center, Suite 2400     Georgia Bar No. 180796
1201 W. Peachtree Street     *Attorneys for Defendant Sony Music*
Atlanta, Georgia 30309     *Entertainment*
404.766.0076 (tel)
hpace@stokeswagner.com
jfishman@stokeswagner.com

---

[12] A review of the Court's docket reveals Plaintiff filed more than one copy of his Third Amended Complaint as well as his Amended Complaint on April 15, 2020. [Dkt. 51]. The instant motion, while focused on the Third Amended Complaint, is intended to address and dispose of any and all versions of Plaintiff's complaint that have not yet been ruled upon.

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this document complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia, and has been typed in Times New Roman 14 point.


*s/ Jordan Fishman*

_____

Jordan Fishman

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of Defendant Sony Music Entertainment, Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint was electronically filed with the Court's CM/ECF system and a copy of same was sent to *Pro Se* Plaintiff of record below via U.S. Mail, postage prepaid to the address below:

Ricardo Wilson, *pro se*
478 S. Atlanta Street
Roswell, Georgia 30075

Dated: April 20th, 2020

*s/ Jordan Fishman*

_____

Jordan Fishman