UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICARDO WILSON,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT (R. KELLY) KELLY, RCA and SONY MUSIC ENTERTAINMENT, INC.<br><br>    Defendants. | CIVIL ACTION NO.<br><br>1:18-CV-05014-JPB |

## **ORDER**

This matter is before the Court on Defendant Sony Music Entertainment's Motion to Dismiss [Doc. 54]. This Court finds as follows:

### **BACKGROUND**

Plaintiff Ricardo Wilson is a songwriter. [Doc. 50, p. 4]. Defendant Robert Kelly is a musician, and Defendant Sony Music Entertainment is the company responsible for approving, organizing, supporting, advertising and/or negotiating Kelly's touring arrangements. Id. at 5.

In 2009, Wilson allegedly wrote and produced a song titled "Love Letter" ("the Song") that he "registered via poor man's copyright in 2009 and with the United States Copyright Office[,] filed in 2010 and registered in 2011." Id. at 2. At some point in 2009, Wilson discussed the Song over a phone call with Kelly, Kelly's representative Tom Tom and Kelly's manager Renaldo Parker. Id. During

the call, Wilson allegedly shared the words of the Song as well as the cadence, including at least four bars, the melody and arrangement. Id. at 7. At that time, Kelly allegedly expressed interest in the Song and assured Wilson he would be compensated and credited for it. Id. Kelly, however, thereafter allegedly copied various elements of the Song "including but not limited to the arrangement, melody, rhythms, harmonies, drums, bass line, backing chorus, substance, tempo, syncopation and looping" without crediting Wilson. Id. at 2.

Wilson alleges that "Kelly has performed, and he and the other Defendants have authorized, organized, and promoted performances of the infringing work numerous times in Georgia." Id. at 3. He also alleges that "Defendants have generated touring and recording revenues from the unauthorized and unlawful exploitation of the infringing work, including receiving substantial revenue from such exploitation in Georgia." Id. Wilson therefore brings this suit alleging copyright infringement. Id. The Court references additional facts as needed below.

## PROCEDURAL HISTORY

Wilson, appearing pro se, filed his first Complaint on December 7, 2018. [Doc. 3, p. 1]. After reviewing the Complaint for frivolity, the Court provided Wilson with an opportunity to file an amended complaint. [Doc. 5, p. 10]. Wilson filed an Amended Complaint on January 30, 2019, and a Second Amended Complaint on April 23, 2019. [Doc. 11, p. 1; Doc. 28, p. 1]. Sony thereafter filed

a motion to dismiss. [Doc. 35, p. 1]. On March 5, 2020, this Court denied Sony's motion to dismiss and sua sponte granted Wilson leave to file a Third Amended Complaint. [Doc. 44, p. 16]. The Court directed Wilson to file a complaint that "(1) name[d] the correct legal defendants (Robert (R. Kelly) Kelly and Sony Music Entertainment); and (2) allege[d] facts necessary to state a claim against Sony." Id. The Court also warned Wilson that "[f]ailure to file a Third Amended Complaint in accordance with this Order will result in dismissal." Id.

Wilson filed his Third Amended Complaint on April 6, 2020, to which Sony responded with this Motion to Dismiss. [Doc. 50, p. 1; Doc. 54, p. 1]. Sony asserts that the Third Amended Complaint should be dismissed because Wilson still has not alleged the facts necessary to state a claim against Sony. [Doc. 54, p. 1].

## DISCUSSION

### A. Motion to Dismiss Standard

At the outset, this Court recognizes that Wilson is pro se, and therefore the Court has an obligation to construe his pleadings liberally. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). This liberal construction does not allow the Court to act as de facto counsel or rewrite otherwise deficient pleadings for a pro se litigant. GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). Importantly, however, Federal Rule of Civil Procedure 15(a) "severely restrict[s]" a district court's ability to dismiss complaints without first

providing an opportunity to amend.  Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001); see also Rance v. Winn, 287 F. App'x 840, 841 (11th Cir. 2008).

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274 n.1 (11th Cir. 1999).  In determining whether this action should be dismissed for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although detailed factual allegations are not necessarily required, the pleading must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (citation omitted).  If a complaint fails to state a claim and "a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  Woldeab v. DeKalb Cnty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018) (citation and punctuation omitted).

When analyzing a motion to dismiss, a district court may consider documents attached to the complaint as part of the complaint.  A district court may also consider "a document attached to a motion to dismiss . . . if the attached

document is (1) central to the plaintiff's claim and (2) undisputed.  In this context, 'undisputed' means that the authenticity of the document is not challenged." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).

**B. Motion to Dismiss Copyright Infringement Claims**

Wilson alleges that Defendants copied various elements of the Song "including but not limited to the arrangement, melody, rhythms, harmonies, drums, bass line, backing chorus, substance, tempo, syncopation and looping." [Doc. 50, p. 2].  To establish a claim for copyright infringement, a plaintiff must show:  "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).

> i. <u>Copyright Infringement Element One:  Whether Wilson has shown ownership of a valid copyright</u>

Under the Copyright Act of 1976,

> [c]opyright protection subsists, in accordance with [the Act], in original works of authorship *fixed in any tangible medium of expression*, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device.  Works of authorship include . . . musical works, including any accompanying words.

17 U.S.C. § 102(a) (emphasis added).  "A work is 'fixed' in a tangible medium of expression when its embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than

5

transitory duration." 17 U.S.C. § 101. See also Pac. & S. Co. v. Duncan, 744 F.2d 1490, 1494 (11th Cir. 1984) ("The statute requires . . . that the original work be 'fixed' for a period of 'more than transitory duration . . . .'").

To establish the first element of a copyright infringement claim—ownership of a valid copyright—"a plaintiff must prove that the work . . . is original and that the plaintiff complied with applicable statutory formalities." Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1233 (11th Cir. 2010). In judicial proceedings, "the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c).

Here, Wilson attached to the Third Amended Complaint a copy of the certificate of registration for his copyright in the lyrics of the Song. [Doc. 50, p. 1]. Sony does not appear to dispute the validity of this copyright for the Song lyrics. Sony, instead, argues that the Third Amended Complaint fails to state a claim for copyright infringement for all other aspects of the song such as cadence, arrangement, melody, rhythms, harmonies, drums, bass line etc. because it does not plead that the Song was fixed in a tangible medium of expression. [Doc. 54, p. 7]. This Court agrees. The Third Amended Complaint does not include a copyright certificate for any other aspects of the Song. And, although the Third Amended Complaint alleges that Wilson engaged in a telephone conversation with Kelly during which he described the Song's cadence, nowhere does the Third Amended

6

Complaint allege that the Song was recorded in a sufficiently permanent or stable manner, or any manner at all for that matter, as required by 17 U.S.C. §§ 101 and 102(a).  Conclusory allegations of copyright infringement of the Song's elements like cadence is not enough to state a claim.  The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Therefore, to the extent Wilson is claiming copyright infringement for any aspect of the Song other than the lyrics, the Third Amended Complaint fails to state a claim against Sony.

  ii. <u>Copyright Infringement Element Two:  Whether Wilson has shown copying of constituent elements of the work that are original</u>

To establish the second element—copying of constituent elements—"the plaintiff [must] show that (1) the defendant had access to the work and (2) that the defendant's work is substantially similar to the plaintiff's."  <u>Original Appalachian Artworks, Inc. v. Toy Loft, Inc.</u>, 684 F.2d 821, 829 (11th Cir. 1982).  "Substantial similarity exists where an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work."  <u>Id.</u> (citation and punctuation omitted).

Here, Sony argues that the Third Amended Complaint fails to state a claim for copyright infringement of the Song lyrics because it does not sufficiently allege that Sony copied any constituent elements of the lyrics.  [Doc. 54, p. 9].  This Court agrees.  In the Third Amended Complaint, Wilson states the following:

7

> Plaintiff can show that his copyrighted lyrics are substantially similar to the Song even though Kelly [changed] a lot of the words; and as such, Plaintiff has the requisite information necessary to show copying of constituent elements of the work that are original for purposes of establishing an infringement claim.

[Doc. 50, p. 16]. However, this statement is merely a legal conclusion reciting the second element required for a copyright infringement claim. And, as the Court already noted in previous orders and above, a pleading must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft, 556 U.S. at 678. In the Third Amended Complaint, Wilson does not allege any facts regarding how the lyrics of both songs are substantially similar, and a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Therefore, to the extent Wilson is claiming copyright infringement for the Song's lyrics, the Third Amended Complaint fails to state a claim against Sony. Because the Court finds that Wilson fails to state a copyright infringement claim against Sony, it need not address Sony's statute of limitations arguments. [See Doc. 54, pp. 11–13].

### C. Motion to Dismiss Conspiracy and RICO Claims

In the Third Amended Complaint, Wilson also brings two new claims—a claim for conspiracy to commit copyright infringement and a claim for violating the Racketeer Influenced and Corrupt Organizations ("RICO") Act. [Doc. 50, pp. 17–18]. The Court briefly addresses these additional claims.

> i. Claim for Conspiracy to Commit Copyright Infringement: Whether Wilson's claim is preempted

Sony contends that Wilson's claim for conspiracy to commit copyright infringement is preempted under federal copyright law. [Doc. 54, pp. 13–16]. The federal Copyright Act "preempts all state causes of action based on a right found in the Act or an equivalent to such a right." Foley v. Luster, 249 F.3d 1281, 1285 (11th Cir. 2001). This has been interpreted as a broad preemption that prohibits "those state law rights that may be abridged by an act which, in and of itself, would infringe one of the exclusive rights provided by federal copyright law." Id. (citation and punctuation omitted). Thus, in order to bring a state law claim, the claim must satisfy the extra element test: "if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, then the right does not lie within the general scope of copyright and there is no preemption." Id. (citation and punctuation omitted). "Along these lines, '[a] state law claim is not preempted if the extra element changes the nature of the action so that it is *qualitatively* different from a copyright infringement claim.'" Id. (citation omitted).

Here, Wilson does not allege that Sony conspired to commit any tort other than copyright infringement, and he makes no argument for how his conspiracy claim is qualitatively different from his copyright infringement claim. Additionally, numerous courts have found that state law claims for conspiracy to

9

commit copyright infringement do not satisfy the extra element test. See, e.g., Two Palms Software, Inc. v. Worldwide Freight Mgmt., LLC, 780 F. Supp. 2d 916, 922 (E.D. Mo. 2011) ("Because copyright law already recognizes the concepts of contributory infringement and vicarious copyright infringement . . . , which extend joint and several liability to those who participate in the copyright infringement, a civil conspiracy claim does not add substantively to the underlying federal copyright claim and should therefore be preempted." (quoting Irwin v. ZDF Enterprises GmbH, No. 04 CIV. 8027 (RWS), 2006 WL 374960, at *4 (S.D.N.Y. Feb. 16, 2006))); Tegg Corp. v. Beckstrom Elec. Co., 650 F. Supp. 2d 413, 428 (W.D. Pa. 2008) (finding the "[p]laintiff's civil conspiracy claim, whether brought under Pennsylvania, Virginia, or Delaware law, contains no extra elements that make its civil conspiracy claim qualitatively different [from] a claim of copyright infringement and, as such, is preempted"); Brown v. McCormick, 23 F. Supp. 2d 594, 608 (D. Md. 1998) (finding the plaintiff's state law claims "attempt to vindicate the same rights that she pursues through [t]he Copyright Act" and "[n]one establish a qualitative difference from the prohibited acts within the Copyright Act"). Similarly, here, this Court finds that the Copyright Act preempts Wilson's state law conspiracy to commit copyright infringement claim.

    ii.    Claim for violating RICO:  Whether Wilson lacks standing

Sony contends that Wilson lacks standing to assert a RICO claim as alleged. [Doc. 54, p. 17].   In the Third Amended Complaint, Wilson alleges that Sony's

acts and conspiracies "violate[d] the [RICO] Act as prosecuted under 18 U.S.C. § 371." [Doc. 50, p. 19]. 18 U.S.C. § 371, however, governs conspiracies "either to commit any offense against the United States, or to defraud the United States, or any agency thereof." As such, Wilson cannot establish a RICO claim under 18 U.S.C. § 371.

## CONCLUSION

For the foregoing reasons, this Court **GRANTS** Sony Music Entertainment's Motion to Dismiss [Doc. 54]. The Court has given Wilson several opportunities to amend his complaint, but the Third Amended Complaint still fails to state a claim. Consequently, Wilson's claims against Sony are hereby dismissed with prejudice.

**SO ORDERED** this 27th day of January, 2021.

_____
**J. P. BOULEE**
United States District Judge